PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-MC-00113-KJM-DB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $16,237.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On March 17, 2017, agents with the Drug Enforcement Administration ("DEA") contacted Travis Alvin Laws ("Laws") at the Sacramento International Airport in Sacramento, California. Approximately $16,237.00 in U.S. Currency ("defendant currency") was seized from Laws during this encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. In late April or early May 2017, claimant Laws filed a claim in the administrative forfeiture proceedings with the DEA with respect to the Approximately $16,237.00 in U.S. Currency. The United States contends the claim was filed with the DEA on or about May 12, 2017, while Laws contends the claim was filed on April 21, 2017. The parties agree that any dispute over the administrative forfeiture proceedings is resolved pursuant to this settlement agreement.

1

3. The United States represents that it could show at a forfeiture trial that on March 17, 2017, agents with the DEA received information regarding suspicious travel by Laws, including the timing and manner of his ticket purchase. Law enforcement agents responded to the terminal, observed Laws exit the flight, and made contact with him in the terminal. The lead agent, displaying his DEA badge, approached Laws, identified himself as law enforcement, and asked for permission to speak with Laws. Laws agreed to speak with the agent. Laws told the agent that he was traveling from Fort Lauderdale, Florida, and was not carrying narcotics, weapons or large sums of cash. Agents asked Laws if he had any checked luggage and he responded in the negative. According to American Airlines, Laws had checked one piece of luggage.

4. The United States represents that it could further show at a forfeiture trial that the agents went to the outdoor baggage drop off area to find Laws' checked luggage. The agents identified Laws' luggage and proceeded through the airport to determine if Laws was still in the terminal. The agents observed Laws in the baggage claim area and asked him why he did not tell them about the checked luggage. Laws said he "forgot" about the luggage. Laws agreed to accompany the agents to a private room to conduct a search of the checked luggage.

5. The United States represents that it could further show at a forfeiture trial that Laws and the agents proceeded into a separate room to search the Laws' checked luggage. Agents asked Laws twice if there was any money in his luggage and Laws responded, "not in the main pocket." Agents removed all of the clothing in the luggage and found a zippered compartment underneath the clothing. Inside the zippered compartment, agents found thousands of dollars in loose cash. Agents asked Laws how much cash was in the luggage and he stated a "couple of thousand." Laws then changed his statement to between $13,000 and $14,000 in cash. Agents found approximately $16,237.00 in cash in the compartment, denominated as follows: 62 $1 bills, 43 $5 bills, 43 $10 bills, 399 $20 bills, 57 $50 bills, and 47 $100 bills.

6. The United States represents that it could further show at a forfeiture trial that the cash seized from Laws' luggage was presented to a dog trained to alert to the presence of narcotics odor. The drug dog positively alerted to the presence of the odor of narcotics on the cash seized from Laws' luggage.

2

7. The United States represents that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, Travis Alvin Laws specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, potential claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Laws hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Laws shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of the Consent Judgment of Forfeiture, $4,000.00 of the Approximately $16,237.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $12,237.00 of the Approximately $16,237.00 in U.S. Currency shall be returned to claimant Travis Alvin Laws through his attorney Ian Pancer.

/////

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Laws waives the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: August 15, 2017.

_____
UNITED STATES DISTRICT JUDGE